**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1329**

_____

DAVID J. ADINOLFI, II,

        Plaintiff - Appellant,

    v.

NORTH CAROLINA DEPARTMENT OF JUSTICE, an agency of the State of North Carolina,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cv-00539-FL)

_____

Submitted:  January 12, 2023                                    Decided:  February 8, 2023

_____

Before RICHARDSON and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Joseph E. Zeszotarski, Jr., GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant.  Matthew Tulchin, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David J. Adinolfi, II, appeals the district court's orders granting summary judgment to the North Carolina Department of Justice ("DOJ") on his discrimination claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 to 634, and adopting the magistrate judge's recommendation in part and dismissing his failure-to-accommodate claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213. Finding no reversible error, we affirm.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

2

Adinolfi proceeded under the familiar *McDonnell Douglas*[1] pretext framework. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc), *abrogated in part by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-42 (2000) (applying *McDonnell Douglas* standard to ADEA claim).  To establish a prima facie case of age discrimination, Adinolfi needed to show: "(1) he is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class." *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).

Here, the DOJ implemented a reduction-in-force ("RIF"), and thus the elements of the prima facie case are slightly different.  The employee can satisfy the adverse action element by showing that he was demoted. *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 720-21 (4th Cir. 2002).  For the fourth element, a plaintiff need only show that similarly situated younger individuals were treated differently "or there were other circumstances giving rise to an inference of discrimination." *Id.* at 721.

We conclude that the district court did not err in concluding that Adinolfi failed to establish a prima facie case.  As for the initial loss of his supervisory position, Adinolfi has failed to point to a similarly situated younger individual who was treated more favorably.  While he points to statistics purporting to show the RIF had a disparate impact on older

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

workers, he does not identify a younger, supervisory employee who was treated more favorably than he was. As for the DOJ's failure to reinstate Adinolfi's supervisory role, the DOJ did not hire a new employee as section head when it first reestablished the section it had disbanded. *See Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 519 (4th Cir. 2006) (holding plaintiff failed to establish "that he was replaced at all, much less by a substantially younger employee," particularly when the plaintiff "admitted that he was not replaced by anyone"). Instead, those supervisory duties were given to a higher-level manager. *See Geiger v. Tower Auto.*, 579 F.3d 614, 623 (6th Cir. 2009) (holding an employee "is not considered replaced when his duties are absorbed by another person or when the work is redistributed among other existing employees already performing related work" (internal quotation marks omitted)). Accordingly, we affirm the district court's summary judgment order.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

4

To state a failure-to-accommodate claim under the ADA, a plaintiff must allege: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (cleaned up).  The ADA defines a "disability" in pertinent part as "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).

Adinolfi alleged that he suffered from several conditions that might substantially limit a major life activity.  But the magistrate judge and district court correctly recognized that Adinolfi never alleged what major life activities his disabilities substantially limited.  While he points to his allegations that he could not safely work in the Criminal Division, the magistrate judge and district court correctly noted that Adinolfi alleged he could safely work in the Civil Division.  And he failed to explain why, leaving the court to speculate how the major life activity of working was substantially limited.  Thus, we agree with the district court that Adinolfi did not plead a viable failure-to-accommodate claim.[2]

---

[2] Even if the district court erred in dismissing this claim, we conclude that it would have failed at summary judgment.  *See Elledge v. Lowe's Home Ctrs. LLC*, 979 F.3d 1004, 1011 (4th Cir. 2020) (recognizing reassignment is an accommodation of last resort); *Belville v. Ford Motor Co.*, 919 F.3d 224, 236 n.9 (4th Cir. 2019) (declining to address claims dismissed under Rule 12(b)(6) because they would have failed at summary judgment based on evidence considered by district court).

Therefore, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*